O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK B. McDONALD, | Case No. EDCV 12-1700 RNB |
| Plaintiff, | |
| vs. | ORDER AFFIRMING DECISION OF COMMISSIONER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

The sole disputed issue listed in the Joint Stipulation ("Jt Stip") is whether the Administrative Law Judge ("ALJ") properly determined at step five of the Commissioner's sequential evaluation process that plaintiff could perform work existing in significant numbers in the national economy. (See Jt Stip at 4.) The Court

---

[1] The Acting Commissioner is hereby substituted as the defendant pursuant to Fed. R. Civ. P. 25(d). No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

1

now rules as follows with respect to that issue.[2]

Where, as here, the testimony of a vocational expert ("VE") is used at step five of the sequential evaluation process, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy. See Osenbrock v. Apfel, 240 F.3d 1157, 1162-63 (9th Cir. 2001); Burkhart v. Bowen, 856 F.2d 1335, 1340 n.3 (9th Cir. 1988); 20 C.F.R. §§ 404.1566(b), 416.966(b). However, the Dictionary of Occupational Titles ("DOT") is the Commissioner's "primary source of reliable job information" and creates a rebuttal presumption as to a job classification. See Johnson v. Shalala, 60 F.3d. 1428, 1434 n.6, 1435 (9th Cir. 1995); see also Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008). Accordingly, an ALJ may rely on VE testimony that contradicts the DOT only insofar as the record contains persuasive evidence to support the deviation. See Johnson, 60 F.3d at 1435; see also Tommasetti, 533 F.3d at 1042; Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997).

Here, the ALJ determined that plaintiff had a residual functional capacity ("RFC") to perform medium work but with the following limitations: plaintiff can perform "simple, repetitive tasks with only superficial contact with co-workers, supervisors, and the public; [plaintiff] cannot be responsible for the safety of others; and, [plaintiff] cannot perform tasks that involve hypervigilance." (See AR 36.) After taking the testimony of a VE, the ALJ determined that plaintiff could perform other work in the national economy, specifically the jobs of hospital cleaner and food service worker. (See AR 43; see also AR 78-79.) The ALJ found that the VE's

---

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

testimony was consistent with information contained in the DOT, based on the VE's affirmation of the consistency. (See AR 43; see also AR 79.)

A.    Analysis

      1.    Food service worker

With respect to the job of food service worker, plaintiff contends that the VE's testimony contradicted the DOT because this job requires Reasoning Level 3,[3] which plaintiff contends exceeds his limitation to simple, repetitive tasks. (See Jt Stip at 6-8.) There is a split among some Circuit courts over the issue of whether a job requirement of Reasoning Level 3 conflicts with a limitation to simple, repetitive tasks. Compare Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding apparent conflict between job requiring Reasoning Level 3 and claimant's limitation to simple and routine work tasks); with Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) (finding no conflict between job requiring reasoning level of three and claimant's limitation to simple work), and Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) (finding no apparent conflict between job requiring reasoning level three and claimant's inability to do complex technical work).

Although the Ninth Circuit has not yet addressed the issue, the weight of authority in this Circuit appears to be consistent with Hackett rather than Terry and Renfrow. See, e.g., Espinoza v. Astrue, 2013 WL 327889, at *3 (C.D. Cal. Jan. 29, 2013); Adams v. Astrue, 2011 WL 1833015, at *4 and n.4 (N.D. Cal. May 13, 2011) (listing several courts in Ninth Circuit that have held there is an apparent conflict when an ALJ determines that a person limited to simple, repetitive tasks can perform

---

    [3]    According to the DOT, Reasoning Level 3 requires the ability to apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations. See, e.g., DOT No. 319.677-014 (food-service worker, hospital).

1 a job with Reasoning Level 3); Grimes v. Astrue, 2011 WL 164537, at *4 (C.D. Cal.
2 Jan. 18, 2011); Torrez v. Astrue, 2010 WL 2555847, at *8-*9 (E.D. Cal. June 21,
3 2010). Accordingly, the Court concurs with plaintiff that there was an apparent
4 conflict between the VE's testimony that a person with plaintiff's limitations could
5 perform the job of food service worker and the DOT's requirement of Reasoning
6 Level 3. Moreover, the record does not contain any evidence, much less persuasive
7 evidence, to support the deviation. See Johnson, 60 F.3d at 1435.

2.   Hospital cleaner

With respect to the job of hospital cleaner, plaintiff contends that the VE's testimony contradicted the DOT because this job requires hypervigilance and responsibility for the safety of others. (See Jt Stip at 8-9.) Specifically, plaintiff contends, "Obviously, hypervigilance is required where an individual is charged with cleaning those infectious substances that common sense instructs are prevalent in a hospital, e.g., blood, other bodily fluids, and general infectious agents. Consequently, a hospital cleaner must remain hypervigilant in order to ensure the safety of others, both patients and staff." (See Jt Stip at 9.)

The Court disagrees. Plaintiff has cited no legal authority in support of his contention that the job of hospital cleaner requires a worker to exercise hypervigilance or responsibility for the safety of others. Nor is plaintiff's contention supported by the DOT description of the hospital cleaner job. See DOT No. 323.687-010 (cleaner, hospital). In fact, that DOT description indicates that conditions that possibly would require a worker to exercise hypervigilance do not exist, such as toxic caustic chemicals, electric shock, moving mechanical parts, explosives, and radiation. The DOT description also indicates that activities consistent with exercising responsibility for the safety of others do not exist, such as talking and hearing; the DOT description also indicates that dealing with people is "not significant" to the job. See generally Vandover v. Astrue, 2010 WL 883838, at *6 (C.D. Cal. Mar. 5, 2010)

("There is no indication the hospital cleaner position involves dangerous equipment, heights, or complicated interpersonal relationships."). Accordingly, the Court concurs with the Commissioner that there was no apparent conflict between the VE's testimony that a person with plaintiff's limitations could perform the job of hospital cleaner and the applicable description in the DOT.

B.   Conclusion

Although the Court cannot find that ALJ's determination that plaintiff could perform the job of food service worker was supported by substantial evidence, the Court finds that the error was harmless because the ALJ's determination that plaintiff could perform the job of hospital cleaner was supported by substantial evidence. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless when such error is inconsequential to the ultimate non-disability determination); see also Lara v. Astrue, 305 Fed. Appx. 324, 326 (9th Cir. 2008) ("To the extent the VE was overly broad and included jobs that [plaintiff] could both perform and not perform, any error is harmless so long as the jobs that could be done are enough to support the ALJ's decision."). Moreover, based on the VE's testimony that there were 1,000 hospital cleaner jobs regionally and 20,000 nationally (see AR 43, 79), the Court finds that the Commissioner has satisfied her burden at step five of demonstrating that work exists in significant numbers in the national economy that plaintiff could do despite his limitations. See Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (finding 1,266 regional jobs to constitute a significant number and citing with approval decisions finding several hundred jobs to be significant); Yelovich v. Colvin, - Fed. Appx.-, 2013 WL 3216042, at *1 (9th Cir. June 27, 2013) (finding 900 regional jobs to be significant).

//
//

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: September 30, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE